UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELVIN L. BAILEY, JR.,

Plaintiff,

v.

SECOND JUDICIAL DISTRICT COURT, et al.,

Defendants.

Case No. 2:25-cv-00292-GMN-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff's Amended Complaint, Application to Proceed *in forma pauperis*, and Motion for Appointment of Counsel. ECF Nos. 20, 21, 22. The Court previously screened Plaintiff's Complaint and recommended it be dismissed with prejudice. ECF No. 5. Plaintiff's Amended Complaint, filed subsequent to the screening order, renders the Court's prior recommendation moot. For this reason, the Recommendation at ECF No. 5 is vacated below.

Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 22) uses the Court's standard form and is granted. Unfortunately, Plaintiff's Amended Complaint suffers from the same deficiencies as his initial Complaint. The Amended Complaint, in of itself, is difficult for the Court to understand because it is handwritten with small, tightly spaced print that is so slanted that some words and phrases are indecipherable. From what the Court does understand, Plaintiff is suing Sandy Schmitt, a Nevada Parole Commissioner, because she did not allow Plaintiff to explain things at a hearing. ECF No. 21 at 4. Separately, Plaintiff sues Rachel Howard, his appointed public defender because she "did not want to discuss" jurisdiction concerns related to a 1997 criminal proceeding. *Id*. at 5. Instead, Ms. Howard allegedly advised Plaintiff to waive a preliminary examination in exchange for dismissal of some unidentified charge. *Id*. Plaintiff appeared before the Judge Goodman of the Las Vegas Township Justice Court in 2024, at which point he waived a preliminary examination (though it is unclear if the unidentified charge was dismissed). *Id*. at 6. Through the Amended Complaint, Plaintiff sues Judge Goodman and Ms. Howard over the waiver of the preliminary examination. *Id*. Nevertheless, Plaintiff's Amended Complaint fails as a matter of law

because the state court judge and parole board commissioner are immune from suit and his public defender did not act under the color of state law. For these reasons, the Court recommends Plaintiff's Amended Complaint be dismissed with prejudice. Because of this recommendation, the Court finds that Plaintiff does not have any likelihood of success and thus denies his Motion for Appointment of Counsel.

## I. Screening Standard

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

a. Plaintiff's Amended Complaint Fails as a Matter of Law.

It has long been established that judges are entitled to absolute immunity. *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 355 (1978)). In *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981), the Ninth Circuit held that individual parole commissioners are also immune from suit in order to protect parole commissioners in their exercise of quai-judicial responsibility rendering parole decisions. Plaintiff's Amended Complaint names Commissioner Schmitt and Judge Goodman as Defendants based on their respective conduct during parole board and state court proceedings. ECF No. 21 at 3. However, in accordance with this well settled law, these individuals are immune from suit for such conduct.

Plaintiff also sues Ms. Howard, a public defender, *id*., but public defenders are considered private parties who do not act under color of state law and, therefore, cannot be sued through an assertion of a constitutional violation under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 322 n.13, 325 (1981) ("[T]he public defender does not act under color of state law" for purposes of § 1983 because she "is not acting on behalf of the State; [s]he is the State's adversary."). To the extent Plaintiff is asserting ineffective assistance of counsel in the state court proceedings, U.S. Supreme Court precedent establishes that such a claim must be brought first through a direct appeal than through a post-conviction habeas corpus petition, not a § 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Accordingly, Plaintiff's Amended Complaint fails as a matter of law.

b. Plaintiff's Motion for Appointment of Counsel is Denied.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The lack of adequate legal knowledge, even assuming a case is complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 Fed.Appx 297, 299 (9th Cir. 2016). And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989). *See also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances). Further, indigence and limited law library access are circumstances common to most prisoners and do not establish extraordinary circumstances. *See Baker v. Macomber*, Case No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Based on the foregoing, and given the recommendation for dismissal based on immunity from suit under and general inapplicability of claims arising under 42 U.S.C. § 1983, the Court finds Plaintiff does not have any likelihood of success on the merits to support the appointment of counsel.

**III. Order**

Accordingly, IT IS HEREBY ORDERED that the Court's Report and Recommendation appearing at ECF No. 5 is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 20) is DENIED.

**IV. Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 21) be DISMISSED with prejudice.

Dated this 23rd day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).